IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEROY WAI HOI LEE,<br><br>        Plaintiff,<br><br>     vs.<br><br>GMAC MORTGAGE, LLC; COLORADO<br>FEDERAL SAVINGS BANK; INDYMAC<br>MORTGAGE SERVICES; ONE WEST<br>BANK; and JOHN DOES 1-20,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 10-00105 HG-BMK |

**AMENDED ORDER GRANTING DEFENDANTS INDYMAC MORTGAGE SERVICES' AND ONE WEST BANK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART**

The Court's November 4, 2010 Order (Doc. 32) is hereby amended to reflect that only the claims against Defendants IndyMac Mortgage Services and One West Bank will be dismissed if Plaintiff fails to file an amended complaint by December 8, 2010.

Plaintiff filed a nine-count First Amended Complaint asserting various claims in connection with a mortgage loan transaction. Defendants IndyMac Mortgage Services and One West Bank move to dismiss the entirety of the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Motion (Doc. 18) is **GRANTED** with leave to amend in part.

1

## PROCEDURAL HISTORY

On August 6, 2010, Plaintiff filed a First Amended Complaint. (Doc. 17).

On August 16, 2010, Defendants One West Bank and Indymac Mortgage Services filed a Motion to Dismiss the First Amended Complaint. (Doc. 18).

On September 7, 2010, Plaintiff filed an Opposition. (Doc. 23).

On September 21, 2010, Defendants filed a Reply. (Doc. 24.)

On October 19, 2010, a hearing on the Motion to Dismiss was held.

## BACKGROUND

Plaintiff Leroy Wai Hoy Lee alleges that on February 28, 2007, he borrowed $369,000.00 from Defendant Colorado Federal Savings Bank pursuant to a mortgage and note. (First Amended Complaint at ¶¶ 40, 46 (Doc. 17).) Defendants IndyMac Mortgage Services and One West Bank ("Defendants") are assignees of the security interest created by the loan. (First Amended Complaint at ¶ 46 (Doc. 17)); (Defendants' Motion to Dismiss at pp. 4-5 (Doc. 18).)

Plaintiff alleges that a loan application was prepared on his behalf, stating that his income was $7,300.00 per month. (First Amended Complaint at ¶ 19 (Doc. 17).) Plaintiff claims that the application was forwarded without his income being verified and

2

without his knowledge of the income stated on it. (First Amended Complaint at ¶ 19 (Doc. 17).)

Plaintiff sets forth a number of other wrongs allegedly committed in connection with the loan transaction. Plaintiff claims, for example, that Defendants failed to provide him with various loan documents that were signed and dated by Plaintiff. (First Amended Complaint at ¶¶ 21, 23-25, 28 (Doc. 17).) Plaintiff also claims that he was not provided with an initial loan application or privacy disclosure. (First Amended Complaint at ¶¶ 22, 27 (Doc. 17).)

According to Plaintiff, Defendant One West Bank has accelerated all sums secured by the mortgage and note and seeks to sell the property. (First Amended Complaint at ¶ 32 (Doc. 17).)

## STANDARDS

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v.

F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).   Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.   Id. at 699.   The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.   Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.   550 U.S. 544 (2007).   The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."   Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.   129 S.Ct. 1937 (2009).   The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."   Id. at 1949 (citing Twombly, 550 U.S. at 555).   To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.   Id.

4

(quoting <u>Twombly</u>, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).


## ANALYSIS

Plaintiff asserts the following claims in connection with the loan transaction:

**Counts I and II**: violations of the Truth in Lending Act;

**Count III**: violations of the Real Estate Settlement Procedures Act;

**Count IV**: unfair or deceptive acts or practices in violation of H.R.S. § 480-2;

**Count V**: fraud;

**Count VI**: civil conspiracy to commit fraud;

**Count VII**: aiding and abetting others in wrongful acts, causing injury to Plaintiff;

**Count VIII**: Defendant lacks standing to initiate foreclosure proceedings, entitling Plaintiff to an injunction preventing Defendant from attempting to foreclose; and

**Count IX**: fraudulent concealment.

Plaintiffs seeks injunctive relief preventing Defendants from selling or foreclosing on the subject property, a declaration that every agreement relating to the transaction is void and unenforceable, a recoupment of at least $2000, damages, and attorneys' fees and costs.

**Counts I and II: Truth In Lending Act Claims**

Counts I and II of Plaintiff's First Amended Complaint allege violations of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").  TILA was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).  TILA requires creditors to make various disclosures, and allows consumers to seek damages for violations of the disclosure requirements under certain circumstances.  <u>See</u> 15 U.S.C. § 1638; <u>Rosenfeld v. JP Morgan Chase</u>, 2010 WL 3155808, at *8 (N.D. Cal. 2010); <u>In re Ferrell</u>, 539 F.3d 1186, 1190 (9th Cir. 2008).  TILA also provides borrowers with the right to rescind

6

certain mortgage loan transactions for up to three years following consummation for disclosure requirement violations.  <u>See</u> 15 U.S.C. § 1638; 12 C.F.R. § 226.23(a); <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167 (9th Cir. 2003).

Plaintiff claims Defendants violated TILA by failing to provide him with an initial loan application and a truth in lending statement that was "properly signed or dated by Plaintiff." (First Amended Complaint at ¶¶ 42-43 (Doc. 17).)  Plaintiff seeks damages and a recoupment of at least $2000 (offset against money owed).

### A.   Plaintiff's Claim For Damages From TILA Violations Is Time-Barred (Counts I and II)

Claims for damages under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); <u>Consumer Solutions REO, LLC v. Hillery</u>, 658 F.Supp.2d 1002, 1007 (N.D. Cal. 2009). Plaintiff does not dispute that the one-year time period has run, but argues that equitable tolling based on fraudulent concealment preserves his claim.

The equitable tolling doctrine preserves other-wise time-barred TILA claims where the Plaintiff's failure to file a timely lawsuit is based on excusable ignorance. <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). Fraudulent concealment, also termed "equitable estoppel," tolls the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff

7

from suing in time." <u>Guerrero v. Gates</u>, 442 F.3d 697, 706 (9th Cir. 2006) (internal citation and quotation marks omitted).

Where equitable tolling is based on fraudulent concealment (i.e., equitable estoppel), the conduct constituting fraudulent concealment must be plead with the particularity required by Federal Rule of Civil Procedure 9(b). <u>Id</u>; <u>see also Stejic v. Aurora Loan Services, LLC</u>, 2009 WL 4730734, at *4 (D. Ariz. 2009). To meet the pleading standard required by Rule 9(b), a plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988) (internal citation omitted).

The allegation underlying Plaintiff's fraudulent concealment claim is too vague to meet this standard. Plaintiff's fraudulent concealment claim is based on an allegation that the terms of Plaintiff's loan were fraudulently misrepresented. Plaintiff fails to state the party who fraudulently misrepresented the terms of the loan, what terms were misrepresented, or why the misrepresentations prevented Plaintiff from filing a timely lawsuit.

The Motion to Dismiss Plaintiff's TILA damages claims is **GRANTED**. Because Plaintiff's failure to sufficiently plead grounds for equitable tolling of the statute of limitations could conceivably be cured by amendment, Plaintiff is given leave to file a second amended complaint to properly assert a claim for damages

8

under TILA if adequate grounds for the claim exist.

**B.   The Recoupment Claim Fails Because Recoupment Is A Defense Rather Than An Affirmative Claim**

Section 1640(e) of TILA allows borrowers to seek a recoupment or set-off of damages sustained from TILA violations against money owed to the lender, but "only as a 'defense' in an 'action to collect a debt.'" Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp.2d 1159, 1164 (S.D. Cal. 2009).   Plaintiff claims that the recoupment claim is being asserted as a defense to a non-judicial foreclosure sale.   Non-judicial foreclosures are not "actions" for which recoupment can be asserted as a defense pursuant to TILA. See 15 U.S.C. § 1640(e); Ortiz, 639 F. Supp.2d at 1164; Amaro v. Option One Mortg. Corp., 2009 WL 103303, at *3 (C.D. Cal. 2009)("Plaintiff's affirmative use of the [recoupment] claim is improper and exceeds the scope of the TILA exception, permitting recoupment as a defensive claim only."); Crittenden v. HomEQ Servicing, 2009 WL 3162247, at *5 (E.D. Cal. 2009).

Because recoupment claims are limited to defenses to "actions" that are contemplated by TILA, Defendants' motion to dismiss Plaintiff's recoupment claim is **GRANTED.** Because leave to amend the recoupment claim would be futile, it is **DISMISSED WITH PREJUDICE.**

**Count III: Real Estate Settlement Procedures Act**

The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), is a "consumer-protection statute promoting the

9

flow of 'greater and more timely information' between mortgage creditors and debtors." <u>In re Herrera</u>, 422 B.R. 698, 711 (9th Cir. 2010). RESPA requires mortgage lenders to disclose costs associated with real estate closings, and was enacted to allow consumers to be better informed and avoid unnecessarily high settlement charges caused by abusive practices. See <u>Bloom v. Martin</u>, 77 F.3d 318, 320 (9th Cir. 1996).

Plaintiff alleges that Defendants violated RESPA by failing to provide Plaintiffs with: (1) a timely good faith estimate that was signed and dated by Plaintiff as required by 12 U.S.C. § 2604(c) ("Section 2604"); a uniform settlement statement that was signed or dated by Plaintiff as required by 12 U.S.C. § 2603 ("Section 2603"); and (3) a transfer of servicing disclosure that was signed or dated by Plaintiff as required by 12 U.S.C. § 2605 ("Section 2605").

## A.   There Is No Private Cause Of Action For Violations Of RESPA Sections 2603 and 2604

RESPA does not provide for a private right of action when defendant fails to provide a good faith estimate. See 12 U.S.C. § 2604; <u>Pressman v. Meridian Mort. Co., Inc.</u>, 334 F. Supp.2d 1236, 1242 n.4 (D. Haw. 2004). Similarly, there is no private right of action for failure to provide a uniform settlement statement. See 12 U.S.C. § 2603; <u>Martinez v. Wells Fargo Home Mortg., Inc.</u>, 598 F.3d 549, 557 (9th Cir. 2010).

Defendant's Motion to Dismiss the claims for violations of Sections 2603 and 2604 is **GRANTED**.  Because leave to amend would be futile, the claims under Sections 2603 and 2604 of RESPA are **DISMISSED WITH PREJUDICE**.

**B.   The Claim Under Section 2605 (Transfer of Servicing Disclosure) Is Insufficiently Pled**

The only RESPA violation that Plaintiff alleges that provides for a private right of action is Section 2605, dealing with transfer of servicing disclosures. See 12 U.S.C. § 2605.  Plaintiff alleges that the Defendants violated Section 2605 by failing to "provide Plaintiff with a transfer of servicing disclosure that was signed or dated by Plaintiff." (First Amended Complaint at ¶ 56, (Doc. 17).)

12 U.S.C. § 2605(a) provides that "[e]ach person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of the application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding."  In addition, Section 2605(c)(1) provides that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold or transferred shall notify the borrower of any such assignment, sale, or transfer."  The required contents of the notice are listed in 12 U.S.C. §

11

2605(b)(3).

Plaintiff does not allege that he did not receive a transfer of servicing disclosure; he alleges only that he did not receive a copy of the disclosure that he signed and dated. Plaintiff does not explain how the Defendants' failure to provide Plaintiff with a transfer of servicing disclosure signed and dated by Plaintiff is a violation of RESPA. Under Section 2605, there is no requirement that a lender must provide a service disclosure that is signed or dated by plaintiff. See 12 U.S.C. § 2605(b)(3).

Defendants' Motion to Dismiss Plaintiff's RESPA claims is **GRANTED**. Because it is unclear whether Plaintiff intended to allege that he received no transfer of servicing disclosure at all (rather than simply failing to receive a signed and dated copy), Plaintiff is given leave to file a second amended complaint to allege a claim under Section 2605 of RESPA.


**Count IV: Unfair or Deceptive Acts and Practices**

Plaintiff claims Defendants engaged in unfair or deceptive acts and practices ("UDAPs") in violation of HRS §§ 480-2(a), 481A-3. HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."

Plaintiff alleges Defendants violated these statutes by: (1)

targeting financially unsophisticated and vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the loan to Plaintiff; (3) making a loan based on the value of the collateral without regard to Plaintiff's ability to repay the loan; (4) failing to verify Plaintiff's income in order to qualify Plaintiff for the subject loan; and (5) failing to provide Plaintiff with a timely Good Faith Estimate.

Plaintiff does not argue that Defendants One West Bank and IndyMac Mortgage Services were the parties that actually committed these alleged unfair or deceptive trade practices. Instead, Plaintiff claims that Defendants One West Bank and IndyMac Mortgage Services are liable as assignees. HRS § 481A-3 and HRS § 480-2(a) do not attach liability merely because one is an assignee. Araki v. One West Bank, No. CV-10-00103, slip op. at 272 (D. Haw. Sept. 9, 2010); see also Melton v. Family First Mortg. Corp., 576 S.E.2d 365, 369 (N.C. App. 2003).

Because Plaintiff does not allege that Defendants committed any unfair or deceptive practices in their individual capacity, Defendants' Motion to Dismiss the unfair or deceptive acts and practices claim is **GRANTED.** Because leave to amend would be futile, the unfair or deceptive acts and pracitces claim is **DISMISSED WITH PREJUDICE.**

**Count V: Fraud**

Plaintiff claims that Defendants "and/or DOE Defendants" committed fraud by falsely representing the amount of Plaintiff's income on a loan application, and by failing to verify that Plaintiff's income was stated accurately.

When pled in federal court, state law based fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See, e.g., Kapahu v. BAC Home Loans Servicing, LP, 2010 WL 2734774, at *3 (D. Haw. 2010).[1] Rule 9(b) requires a party asserting a fraud claim to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotation marks omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identifies of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).  The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA (9th Cir.

---

[1] Hawaii Rule of Civil Procedure 9(b) similarly requires averments of fraud to be plead with heightened particularity. See Giles v. Giles, 37 P.3d 589, 593 (Haw. Ct. App. 2001).

2002)(<u>quoting</u> <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993)).

Plaintiff's fraud allegations fail to meet the standard required by Rule 9(b).  In particular, Plaintiff fails to specify which Defendant allegedly made false representations of Plaintiff's income, and when and how the false representation occurred.  To the extent that Plaintiff's fraud claim is based on the allegation that Defendants did not verify Plaintiff's income, that allegation does not involve a false representation and thus fails to state a claim for fraud.

Defendants' Motion to Dismiss Plaintiff's fraud claim is **GRANTED**. Plaintiff is given leave to reassert the fraud claim with greater factual specificity in a second amended complaint.


## Counts VI and VII: Civil Conspiracy; Aiding and Abetting

Plaintiff claims Defendants engaged in a civil conspiracy to accomplish something unlawful, and aided and abetted others in wrongful acts injuring Plaintiff.  Plaintiff's civil conspiracy and aiding and abetting claims are pled in a vague, conclusory manner, with no factual allegations in support.

These claims are insufficiently pled under Federal Rule of Civil Procedure 8.  Civil Conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of liability that are derivative of other wrongs. <u>See, e.g.</u>, <u>Weinberg</u>

<u>v. Mauch</u>, 890 P.2d 277, 286 (Haw. 1995).  Plaintiff appears to premise these claims on the fraud claim.  As discussed above, the First Amended Complaint fails to state a claim for fraud. Defendant's Motion to Dismiss the civil conspiracy and aiding and abetting claims (Counts VI and VII) is **GRANTED.**  Plaintiff is given leave to reassert these claims with greater detail in a second amended complaint.

Defendants' Motion to Dismiss Plaintiff's civil conspiracy and aiding and abetting claims is **GRANTED.** Plaintiff is given leave to reassert the civil conspiracy and aiding and abetting claims with greater factual specificity in a second amended complaint.

**Count VIII: Injunctive Relief-Standing to Initiate Foreclosure**

Count VIII, titled "Injunctive Relief-Lack of Standing," asserts that Plaintiff is entitled to emergency and permanent injunctive relief seeking to restrain Defendants from seeking a non-judicial sale upon the subject property.  (First Amended Complaint at ¶ 88 (Doc. 17).) Plaintiff claims that Defendants are not real parties in interest and lack standing to initiate foreclosure proceedings.

Plaintiff's claim for injunctive relief fails to state a claim for several reasons. First, Plaintiff's injunctive relief claim appears to be dependent upon and derivative of Plaintiff's other independent claims.  See <u>Kapahu</u>, 2010 WL 2734774, at *7.  Second, Plaintiff's First Amended Complaint does not explain why defendant

lacks standing to foreclose.   The allegations with respect to injunctive relief and lack of standing are conclusory.   Plaintiff appears to be presenting a variation of the "show me the note" argument, which has be routinely rejected by courts in other districts.   <u>See, e.g.</u>, <u>Salazar v. Lehman Bros.</u>, 2010 WL 3998947, at *5 (D. Ariz. 2010).

Defendant's Motion to Dismiss the injunctive relief/lack of standing claim (Count VIII) is **GRANTED**.   Because leave to amend would be futile, the claim for injunctive relief based on lack of standing is **DISMISSED WITH PREJUDICE**.

**Count IX: Fraudulent Concealment**

Count IX of the First Amended Complaint is based on "fraudulent concealment."   Plaintiff alleges fraudulent concealment only as a ground for tolling the statute of limitations on the TILA claims, rather than as an independent claim.   To the extent that the First Amended Complaint contains an independent claim (Count IX), it is **DISMISSED WITH PREJUDICE**.


**CONCLUSION**

(1) Defendant's Motion to Dismiss the First Amended Complaint (Doc. 19) is **GRANTED** with leave to amend in part, as follows:

**Count I** (Truth in Lending Act)**:**

The claim for recoupment is **DISMISSED WITH PREJUDICE**.

**Count II** (Truth in Lending Act):

The claim for damages based on Truth in Lending Act violations **IS DISMISSED WITH LEAVE TO AMEND.**

**Count III** (RESPA):

The claims under Sections 2603 and 2604 of RESPA **ARE DISMISSED WITH PREJUDICE.**

The claim under Section 2605 of RESPA (transfer of servicing disclosure) is **DISMISSED WITH LEAVE TO AMEND.**

**Count IV** (unfair and deceptive acts or practices):

The unfair and deceptive acts or practices claim is **DISMISSED WITH PREJUDICE.**

**Count V** (fraud):

The fraud claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count VI** (civil conspiracy):

The civil conspiracy claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count VII** (aiding and abetting):

The aiding and abetting claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count VIII** (injunction/lack of standing):

The claim for an injunction preventing Defendant from attempting to foreclose based on lack of standing is **DISMISSED WITH  PREJUDICE.**

**Count IX** (fraudulent concealment):

18

The fraudulent concealment claim **IS DISMISSED WITH PREJUDICE.**

(2) Plaintiff shall have until December 8, 2010 to file a second amended complaint.  If Plaintiff fails to do so, the action shall be dismissed as to Defendants IndyMac Mortgage Services and One West Bank without further direction from this Court.

IT IS SO ORDERED.

DATED: November 18, 2010, Honolulu, Hawaii.



                                    /S/ Helen Gillmor
                         _____
                         Helen Gillmor
                         United States District Judge


Lee v. GMAC Mortgage, LLC, _et al._; Civ. No. CV 10-00105 HG-BMK; **AMENDED ORDER GRANTING DEFENDANTS OWB and IMS' MOTION FOR DISMISSAL OF ENTIRE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART (DOC. 18).**