IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEROY WAI HOI LEE, | ) Civ. No. 10-00105 HG-BMK |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| GMAC MORTGAGE, LLC; COLORADO FEDERAL SAVINGS BANK; INDYMAC MORTGAGE SERVICES; ONE WEST BANK; and JOHN DOES 1-20, | ) |
| Defendants. | ) |

**ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL AND STRIKING SECOND AMENDED COMPLAINT**

On November 18, 2010, the Court granted a Motion to Dismiss filed by Defendants IndyMac Mortgage Services and One West Bank. (Doc. 33). The Court dismissed some claims with prejudice, and granted Plaintiff leave to file a second amended complaint to restate certain claims. On December 8, 2010, Plaintiff filed a "Second Amended Complaint." (Doc. 36). On December 21, 2010, the Court struck the "Second Amended Complaint" because it stated several entirely new claims without first obtaining leave of the Court. (Doc. 38). The Court granted Plaintiff another opportunity to file a second amended complaint to restate the claims that Plaintiff was given leave to amend. (Doc. 38). The Court expressly warned Plaintiff that he was only given leave to restate certain claims, rather than open-ended leave to file an amended complaint

1

composed of entirely new claims.

On January 21, 2011, Plaintiff filed a new Second Amended Complaint. (Doc. 40). As in the previous version, Plaintiff's new Second Amended Complaint is largely composed of an entirely new set of claims that the Court expressly did not grant Plaintiff leave to assert. On February 9, 2011, the Court ordered Plaintiff's counsel to appear at a hearing to show cause why the Court should not impose sanctions for violating Federal Rules of Civil Procedure 11 and 15, and the Court's express Orders. (Doc. 42).

Plaintiff's counsel appeared, but failed to show good cause for the improper filings. The Court finds that Plaintiff's counsel acted in bad faith. The Court imposes a **SANCTION** in the form of a $1000 fine. Plaintiff's Second Amended Complaint is **STRICKEN**. Plaintiff is given leave to file an amended complaint, in conformity with the Court's November 18, 2010 Order, by April 6, 2011.

**PROCEDURAL HISTORY**

On August 6, 2010, Plaintiff filed a First Amended Complaint. (Doc. 17).

On November 18, 2010, the Court granted a Motion to Dismiss filed by Defendants IndyMac Mortgage Services and One West Bank, and granted Plaintiff partial leave to amend. (Doc. 33).

On December 8, 2010, Plaintiff filed a Second Amended

Complaint. (Doc. 36).

On December 21, 2010, the Court struck Plaintiff's Second Amended Complaint. (Doc. 38).

On January 21, 2011, Plaintiff filed a new Second Amended Complaint. (Doc. 40).

On February 9, 2011, the Court ordered Plaintiff to appear at a hearing to show cause why the Court should not impose a sanction under Federal Rule of Civil Procedure 11, and the Court's inherent authority, for asserting claims in the Second Amended Complaint in violation of a Court Order and Federal Rule of Civil Procedure 15. (Doc. 42).

On March 8, 2011, a hearing was held on the Order to Show Cause. At the hearing, the Court imposed a sanction on Plaintiff's counsel in the amount of $1000, and ordered the Second Amended Complaint stricken. (See Doc. 44). The Court stated that a written Order setting forth the grounds for the sanction would follow.

**STANDARDS**

The Court is authorized to impose a sanction under both Federal Rule of Civil Procedure 11 ("Rule 11") and its inherent authority. Rule 11(b) requires parties to certify that their claims are warranted by the law and nonfrivolous:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge,

> information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

If the Court determines that Rule 11(b) has been violated, "after notice and a reasonable opportunity to respond . . . the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1); see also Foster v. Wilson, 504 F.3d 1046, 1052-53 (9th Cir. 2007) (before imposing Rule 11 sanctions sua sponte, the district court must give the party notice including the reason for possible sanctions and an opportunity to be heard). Although the court has discretion to decide the appropriate type of sanction, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

In addition to the authority under Rule 11, federal courts have "inherent power" to impose sanctions. Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). "The most common utilization of inherent powers is a contempt sanction levied to 'protect[] the due and orderly administration of justice' and 'maintain[] the authority and dignity of the court.'" Id. (quoting Cooke v. United States, 267

4

U.S. 517, 539 (1925). If a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," the Court may require payment of attorneys' fees. Id. (quoting <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 258-59 (1975)). Before imposing sanctions under its inherent power, however, "the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" Id. (quoting <u>Roadway Express Inc. v. Piper</u>, 447 U.S. 752. 767 (1980).

**ANALYSIS**

**I. Sanctionable Conduct**

Plaintiff's counsel's conduct is sanctionable under both Rule 11 and the Court's inherent authority. Plaintiff's counsel violated Rule 11 by twice filing an amended complaint that asserts new claims without leave of the Court. Rule 11(b) requires the claims asserted in a pleading to be warranted by existing law or by a nonfrivolous argument for modifying existing law. In addition, Plaintiff's first and second "Second Amended Complaint" were both filed in violation of Federal Rule of Civil Procedure 15, which requires a party not amending as a matter of course to obtain the Court's leave or the opposing party's written consent before filing an amended complaint.

The amended complaints were filed in violation of two Court Orders, which is sanctionable under the Court's inherent authority.

5

See <u>Primus Automotive Financial Services</u>, 115 F.3d at 648. In the Court's November 18, 2010 Order granting Defendants IndyMac Mortgage Services' and One West Bank's Motion to Dismiss, the Court dismissed all nine counts in the First Amended Complaint. (Order, November 18, 2010, (Doc. 33)). The Order contained a separate section for each Count, each of which concluded by stating whether the claim (or claims) in the Count were dismissed with prejudice or with leave to be restated in an amended complaint. (<u>Id.</u>). In the Conclusion, the Order repeated, in a numerical format and in bold font, exactly which claims were **"DISMISSED WITH PREJUDICE"** or **"DISMISSED WITH LEAVE TO AMEND."** (Doc. 33 at 17-19).

The following claims were dismissed with prejudice:

1. Recoupment under Truth in Lending Act
2. Sections 2603 and 2604 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*
3. Unfair and Deceptive Acts or Practices
4. Injunction/lack of standing
5. Fraudulent Concealment

The following claims were dismissed with leave to amend:

1. Damages under the Truth in Lending Act
2. Section 2605 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*
3. Fraud
4. Civil Conspiracy
5. Aiding and Abetting

The Order granted Plaintiff until December 8, 2010 to file an amended complaint, and stated that the action would be dismissed as to Defendants IndyMac Mortgage Services and One West Bank with prejudice if Plaintiff failed to do so.

6

On December 8, 2010, Plaintiff filed a "Second Amended Complaint" asserting the following claims:

1. Sherman Anti-Trust Act violations
2. Hawaii Anti-Trust/Anti-Monopoly Acts violations
3. Civil Conspiracy
4. Fraudulent Misrepresentation
5. Failure to Act in Good Faith
6. Section 2607 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*
7. Unjust Enrichment
8. Hawaii Bureau of Conveyance Regulations violations
9. Mistake
10. Negligent or Intentional Infliction of Emotional Distress
11. Hawaii Revised Statutes Chapter 667 violations
12. Fair Debt Collection Practices Act

(Document Stricken, "Second Amended Complaint," (Doc. 36)). Apart from the fraud and civil conspiracy claims, the claims in the "Second Amended Complaint" were entirely new. Plaintiff never requested nor received permission to file an amended complaint containing entirely new claims.

The Court put Plaintiff on notice that the action was subject to dismissal as to Defendants IndyMac Mortgage Services and One West Bank if Plaintiff did not file an amended complaint in compliance with the Court's Order by the deadline. Although Plaintiff failed to do so, the Court opted for a less drastic sanction. On December 21, 2010, the Court struck Plaintiff's "Second Amended Complaint" and granted Plaintiff another opportunity to filed an amended complaint in compliance with the Court's Order. (Minute Order, December 21, 2010, (Doc. 38)). In the Minute Order, the Court explained exactly why the "Second

Amended Complaint" violated the Court's Order and was being struck.(Minute Order, December 21, 2010, at 2 (Doc. 38)).

While Plaintiff was granted another opportunity to file an amended complaint, the Court again warned Plaintiff that failure to do so could result in the case being dismissed as to Defendants IndyMac Mortgage Services and One West Bank.

Despite the Court's warning, on January 21, 2011, Plaintiff filed a new Second Amended Complaint that violates the Court's Order in an identical manner. As in the previous version, Plaintiff's new Second Amended Complaint asserts new claims without first obtaining leave of the Court. Plaintiff never requested, and was not given leave, to state the following new claims:

　　1. Section 2607 of the Real Estate Settlement Procedures Act
　　2. Failure to Act in Good Faith
　　3. Unjust Enrichment
　　4. Mistake
　　5. Hawaii Bureau of Conveyance Regulations
　　6. Hawaii Revised Statutes Chapter 667.

(Second Amended Complaint, January 21, 2011, (Doc. 40)).

Because Plaintiff twice failed to file a second amended complaint in compliance with the Court's Orders, and violated the plain instruction given by the Court in its Order striking Plaintiff's previous "Second Amended Complaint," the Court ordered Plaintiff's counsel to appear at a hearing to show cause why the Court should not impose sanctions.

## II. Order To Show Cause Hearing Held On March 8, 2011

Plaintiff's counsel's first attempt to file an amended complaint with new claims might have been inadvertent. It is plausible that it was the result of a failure either to understand the import of the Court's dismissal Order or to read it closely. Because the Court struck the "Second Amended Complaint" and provided a clear and detailed explanation of the precise reasons it was being struck, the Court does not find it plausible that the second submission of an amended complaint with entirely new claims was the result of an honest mistake. The record reflects that Plaintiff's counsel filed the most recent Second Amended Complaint in bad faith, presumably in an attempt to prolong the litigation.

The Court provided Plaintiff's counsel with an opportunity to explain why he should not be sanctioned for violating two Court Orders and Federal Rule of Civil Procedure 15. At the order to show cause hearing, the Court pointed out that it had previously explained to Plaintiff's counsel, at the hearing on the motion to dismiss held on October 19, 2010, that the First Amended Complaint was insufficiently pled. At that hearing on the Motion to Dismiss, Plaintiff's counsel responded by stating that he was new to federal court and that the defective nature of the pleading was inadvertent. Taking that into account, the Court issued a detailed order explaining exactly what was wrong with the First Amended Complaint, and clearly identifying the claims that were dismissed

9

with prejudice, and the claims Plaintiff could amend. When the Court struck the first "Second Amended Complaint," the Court similarly provided Plaintiff a clear and detailed explanation of the reasons it was being struck.

At the hearing held on the order to show cause on March 8, 2011, Plaintiff's counsel failed to provide the Court with a good reason not to impose a sanction. Plaintiff's counsel first stated that he took full responsibility. He then proceeded to explain his actions by stating that he relies heavily on a staff person to prepare amended complaints. Plaintiff's counsel's reliance on a staff person does not provide a justification for violating the Court's Orders and the Federal Rules of Civil Procedure. Rule 11 requires that pleadings be signed and certified so that the Court may "fix responsibility upon a specific person for those matters that are the subject of the certificate." Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986), *overruled on other grounds by*, Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990). The Rule "eliminate[s] the defense of personal ignorance" and "admits of no exceptions to the requirement that reasonable attorneys will read a document before filing it in court." Id. The pleadings in this action are all signed by Plaintiff's counsel.

This is not the first time, moreover, that Plaintiff's counsel has blamed staff problems for his failure to follow the Federal Rules of Civil Procedure. In a separate action, Araki v. One West

10

Bank, FSB, CV-10-00103-JMS-KSC, Plaintiff's counsel was ordered by Judge J. Michael Seabright to provide the court with a letter explaining the steps his firm was taking to ensure that they would not miss court deadlines. In a letter submitted to Judge Seabright on August 20, 2010, Plaintiff's counsel blamed his failure to meet filing deadlines on insufficient staff. (Order, March 8, 2011, Exhibit 1, (Doc. 44-1)). In that letter, Plaintiff's counsel stated that he was taking a number of actions "in earnest," including hiring additional staff, to ensure that he is able to comply with the federal deadlines.

Plaintiff's counsel's conduct in this case evidences bad faith. If a party has acted in "willful disobedience of a court order . . . or in bad faith," or has engaged in a "willful[] abuse [of the] judicial processes," the Court may impose a sanction. Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)); see also Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) (if a party shows "bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," the Court may impose a sanction) (internal citation and quotation marks omitted).

Plaintiff's counsel was explicitly warned, in the December 21, 2010 Order striking the first "Second Amended Complaint," that the Court did not grant Plaintiff blanket leave to file an amended complaint with entirely new claims. Despite the clear instruction

11

in that Order, Plaintiff's counsel proceeded to file another "Second Amended Complaint" that is comprised almost entirely of new claims. Sanctions may be imposed for repeatedly asserting impermissible claims. See, eg., Foster v. Skinner, 70 F.3d 1084, 1089 (9th Cir. 1995) (sanctions were proper where a complaint contained 10 claims that had previously been rejected). The filing of the Second Amended Complaint with impermissible claims appears to be an attempt to delay or increase the costs of this litigation. These purposes are improper and warrant sanctions. See, e.g., Davis v. Veslan Enters., 765 F.2d 494, 496 (5th Cir. 1985) (sanctions were proper where removal petition was filed to delay proceedings); Danvers v. Danvers, 959 F.2d 601, 604 (6th Cir. 1992) (sanctions were proper where plaintiff filed an action to harass and increase the litigation costs of the defendant).

The record reflects evidence of a bad faith attempt to delay proceedings. See, e.g., Bay State Towing Co. v. Barge Am 21, 899 F.2d 129, 132-33 (1st Cir. 1990) (record supported conclusion that filing was submitted for the purpose of delay). In the Court's February 9, 2011 Order requiring Plaintiff's counsel to appear at a hearing on March 8, 2011 to show cause why sanctions should not be imposed, the Court again explained, in detail, that Plaintiff had not been given leave to file entirely new claims. Plaintiff's counsel was given notice of the hearing a month in advance, but he took no action to remedy the defective pleading during that time.

Plaintiff's counsel did not voluntarily withdraw the Second Amended Complaint, or file a motion to amend the pleading to include the new claims. Plaintiff's failure to take any action to withdraw the offending pleading or to obtain leave to file new claims, despite having a month to do so, provides further evidence to the Court that the Second Amended Complaint was not filed in good faith.

Plaintiff's counsel failed to show good cause why he should not be sanctioned. The Court finds that counsel acted in bad faith. The Court **SANCTIONS** Plaintiff's counsel, Keoni K. Agard, Esq. and the law firm of Agard & Kaiama, LLC, pursuant to Rule 11 and the Court's inherent authority. The Court finds that a fine of $1000, to be paid to the Clerk of the Court, is appropriate. This amount is limited to what suffices to deter repetition of the conduct, or comparable conduct by others similarly situated.

## CONCLUSION

(1) The Court **SANCTIONS** Plaintiff's counsel, Keoni K. Agard, Esq. and Agard & Kaiama, LLC, by requiring counsel to pay a fine in the amount of $1000. Keoni K. Agard, Esq., and his law firm, Agard & Kaiama, LLC, are jointly responsible. Counsel shall pay the fine to the Clerk of the Court by April 6, 2011.

(2) Plaintiff's Second Amended Complaint (Doc. 40) is **STRICKEN.**

(3) Plaintiff shall file an amended complaint in conformity

with the Court's November 18, 2010 Order, which was reiterated in the Court's December 21, 2010 and February 9, 2011 Minute Orders, by April 6, 2011.  If Plaintiff fails to do so, the matter shall be **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

DATED: March 24, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge


Lee v. GMAC Mortgage, LLC, *et al.*; Civ. No. CV 10-00105 HG-BMK; **ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL AND STRIKING SECOND AMENDED COMPLAINT.**